## WILLIAM CARDELL v. CHAUNCEY CARPENTER.

### *Statute of Limitations. Soldiers.*

Under the statute (Gen. Sts., ch. 63, § 20) the time of the absence from the state of a person as a soldier is deducted in computing the period of the statute of limitations, notwithstanding he has a family residing in the state during his absence.

ASSUMPSIT, to recover the amount of two promissory notes. Plea, the general issue and the statute of limitations. Replication, absence of the defendant from the state as a soldier in the United States army, to which the defendant filed a rejoinder, to which the plaintiff orally demurred.

It was conceded by the defendant's counsel that the pleadings admitted, and that such was the fact, that the cause of action accrued within six years next before the commencement of the suit, commencing the computation at the time the defendant executed the notes, and deducting the whole time of his absence from the state as such soldier. But it was conceded by the plaintiff's counsel that during the said absence of the defendant, as such soldier, he had a wife and family residing in this state. The defendant, under the plea of the statute of limitations, claimed that the fact of the defendant's family residing in the state, during the defendant's absence out of the state, as such soldier, prevented the plaintiff from having the time of such absence deducted in computing the six years. The court decided otherwise, to which the defendant excepted.

There was other evidence, but not material to be stated, on this point, and the facts in respect to other points are omitted. The case was tried by the court, PECK, J., presiding, at the September term, 1867, and judgment was rendered for the plaintiff, to which the defendent excepted.

*Heman Carpenter*, for the defendant.

*George M. Fisk*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J. In regard to the question whether, upon the pleadings and evidence, the time the defendant was absent from the state, as a soldier, ought to be deducted in computing the period of the statuté of limitations, we think the decision of the county court is correct. Section 20 of chapter 63 of the General Statutes provides that " in all cases where an inhabitant of this state has volunteered or enlisted, or shall volunteer or enlist, under the laws of this state, or of the United States, or shall be drafted into the service of the United States, for the purpose of executing the laws of the Union, suppressing insurrections, or to repel invasions, who had or shall have, at the time of volunteering or enlisting, any cause of action against any other person, or if such other

person had or shall have any cause of action against him, the time of his absence in such service shall not be taken as any part of the time limited for the commencement of his action, or the action of such other person founded on such cause of action." Section 5 of chapter 130 of the General Statutes provides "when a limitation or period of time prescribed in any of the acts repealed, for acquiring a right, or barring a remedy, or for any other purpose, has begun to run, and the same or a similar limitation is prescribed in the General Statutes, the time of limitation shall continue to run, and shall have like effect as if the whole period had begun and ended under the operation of the General Statutes." The act of 1861, to prevent the running of the statute of limitations on debts due volunteers in the service of the United States, was repealed by the General Statutes, and they contain a similar provision upon the subject. The object of the limitation, as applicable to a cause of action in favor of a soldier, or against him, is too plain to need any argument upon the subject. It is clear that the statute is retrospective in its provisions and operation. The statute of limitations only affects the remedy, but not the contract. When a statute of limitations is passed it operates upon antecedent as well as subsequent causes of action, unless by its terms it is restrained to the latter. The provisions of the statute applicable to this case are mutual, for they preserve the remedy for the absent soldier as well as against him. We think the rulings of the county court, upon the other points made in that court, are correct, and that the judgment ought to be affirmed.

On motion of the defendant, the judgment is reversed *pro forma*, cause remanded, and the defendant may replead, on usual terms as to costs.