**Jack C. Stewart and Marilyn Stewart v. Robert Darrow, M.D. and The Rutland Hospital, Inc.**

[448 A.2d 788]

No. 96-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed May 20, 1982

*J. Fred Carbine, Jr.,* and *Thomas J. Pressly,* Rutland, for Plaintiffs.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Rutland Hospital.

*Miller, Norton & Cleary*, Rutland, for Darrow.

**Hill, J.** The plaintiffs appeal from a decision of the Rutland Superior Court granting the defendants' motion for summary judgment on the ground that the statute of limitations barred the claim. We affirm.

Due to the procedural posture of the case there is no controversy over the relevant facts. The plaintiffs filed suit against the defendants alleging liability stemming from medical malpractice by the defendants. During the period between the alleged malpractice and the filing of suit, the legislature amended the pertinent statute of limitations on two separate occasions. The relevant chronology is as follows:

(1) June 30, 1975 —date of plaintiff's surgery;

(2) August 8, 1975 —date of plaintiff's discharge from the hospital;

(3) March, 1976 —date of plaintiff's discovery of injury;

(4) July 1, 1976 —effective date of amendment to 12 V.S.A. § 512(4);

(5) July 1, 1978 —effective date of 12 V.S.A. § 521;

(6) February 27, 1979 —date suit was filed.

The issue both below and on appeal is which of the three limitation statutes controlled the claim: the original 12 V.S.A. § 512(4) (1973); the amended 12 V.S.A. § 512(4) (Cum. Supp. 1981); or 12 V.S.A. § 521. If the original 12 V.S.A. § 512(4) applies, the suit is barred, as it was filed more than three years after the last possible date for computing the plaintiff's injury. See 12 V.S.A. § 512(4) (1973); *Capron v. Romeyn*, 137 Vt. 553, 554–55, 409 A.2d 565, 566 (1979); *Murray v. Allen*, 103 Vt. 373, 376, 154 A. 678, 679 (1931).[1] If 12 V.S.A. § 521 applies, the suit is also barred on the

---

[1] We do not address whether *Murray v. Allen* should be overruled. On oral argument the plaintiffs' counsel declined an explicit invitation to address this issue, and did not request us to reach the question.

grounds that filing took place more than three years after the date of injury, and more than two years after the date of discovery. See *id.* Only the amended version of 12 V.S.A. § 512(4) would allow the suit, as the complaint was filed within three years of the date the injury was discovered. See 12 V.S.A. § 512(4) (Cum. Supp. 1981).

There is no question concerning which statute was in force on the relevant dates. The original 12 V.S.A. § 512(4) was in force both when the injury occurred and when it was discovered. At the time suit was filed, 12 V.S.A. § 521 was the law.

The plaintiffs contend that the amended version of 12 V.S.A. § 512(4) governs this dispute, although it was not law either when the cause of action accrued or when suit was filed. They reason that on the date the legislature amended 12 V.S.A. § 512(4) the cause of action was not yet barred. Thus, *Capron* v. *Romeyn, supra,* does not control this case. Relying on *Cardell* v. *Carpenter,* 42 Vt. 234 (1869), and other common law, the plaintiffs view the amendment of 12 V.S.A. § 512(4) as extending the limitation period for their suit. Consequently, they urge that the trial court erred in holding that the original 12 V.S.A. § 512(4) was the governing statute and barred their complaint.

In *Capron* we held that the amendment to 12 V.S.A. § 512(4) did not revive a cause of action that had already been barred by the old statute prior to its amendment. *Capron* v. *Romeyn, supra,* 137 Vt. at 555, 409 A.2d at 567. We reasoned that because the statute had already run on the effective date of the amendment, the defendant acquired a "right" in the operation of the bar. Thus, 1 V.S.A. § 214(b)(2) precluded retroactive application of the amended limitation to the claim. *Capron* v. *Romeyn, supra,* 137 Vt. at 555, 409 A.2d at 567. This case can be distinguished from *Capron* because the plaintiffs' action was not yet barred when 12 V.S.A. § 512(4) was amended. Nevertheless, the ratio decidendi of *Capron* controls this case as well. *Capron* noted that this Court is bound by 1 V.S.A. § 214(b), which generally prohibits the retroactive construction of statutes. See *Capron* v. *Romeyn, supra,* 137 Vt. at 555, 409 A.2d at 566. Indeed, even the dissenters in *Capron* concurred with the majority on the authority of this section concerning the retroactivity issue.

See *id.* at 556, 409 A.2d at 567. Thus, we now turn to consider the impact of 1 V.S.A. § 214(b) on these statutes of limitations.

The retroactivity issue as controlled by 1 V.S.A. § 214(b) is paramount in this appeal. The plaintiffs can surmount the bar of the original 12 V.S.A. § 512(4) only if the amendment to that section is held to apply to causes of action accruing before the amendment's effective date. Additionally, the statute in effect at the time of filing, 12 V.S.A. § 521, must be held not to operate retroactively, or the suit would still be barred.

In pertinent part, 1 V.S.A. § 214(b) provides that an amendment of a statute does not:

> (1) Affect the operation of the act or provision prior to the effective date of the amendment or repeal thereof;
>
> (2) Affect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal;
>
> . . . .
>
> (4) Affect any suit, remedy or proceeding to enforce or give effect to any right, privilege, obligation or liability acquired, incurred or accrued under the amended or repealed provision prior to the effective date of the amendment or repeal; and the suit, remedy or proceeding may be instituted, prosecuted or continued as if the act or provision had not been repealed or amended.

The trial court based its holding on subsection two of this act. The court reasoned that retroactive construction of the amended version of 12 V.S.A. § 512(4) would:

> adversely "affect" the Defendants' pre-existing "right" to have their putative liability extinguished three years after the cause of action accrued and would considerably expand Plaintiffs' prior "right" by giving them an extra eight or nine months to file suit. It would also "affect" the previously incurred "liability" by significantly prolonging the existence of the cause of action.

The appellants vehemently challenge this reasoning, contending that a statute of limitation is a "remedy" not a "right." Since remedies are generally construed retroactively where

they expand available relief, they argue that the claim is not barred.

As a matter of common law, the plaintiffs are correct in asserting that the classification of limitations statutes as "remedies" or "rights" is dispositive and favorable to their position. See *Developments in the Law: Statutes of Limitations*, 63 Harv. L. Rev. 1177, 1189–90 (1950). This dichotomy, however, serves more to confuse the issue than illuminate the proper result. See *id.* at 1186–88. Indeed, our own case law offers conflicting assessments on the retroactive reach of limitations statutes. Compare *Cardell* v. *Carpenter, supra,* 42 Vt. at 236 (statute of limitations are applied retrospectively unless amendment is limited by its terms to prospective application), with *Wires* v. *Farr,* 25 Vt. 41, 46 (1852) (irrelevant whether or not limitation had run when statute amended; new limitation statute would not be applied retrospectively). Fortunately, we need not resolve this conflict. Regardless of the state of the common law or the classification of limitations statutes as "remedies" or "rights," retroactive application of limitations law is now barred by 1 V.S.A. § 214(b).

■ Subsection four of 1 V.S.A. § 214(b) collapses the common law distinction between "rights" and "remedies" in regard to retroactivity. That section forbids any retroactive application that would "[a]ffect any suit, *remedy* or proceeding to enforce . . . any right . . . or liability . . . accrued under the amended or repealed provision . . . ." 1 V.S.A. § 214(b)(4). (Emphasis added.) Thus, like the Court in *Capron,* we confront a situation where the common law must bow to the legislative enactment. See *Capron* v. *Romeyn, supra,* 137 Vt. at 555, 409 A.2d at 566. If the amended version of the controlling statute of limitations affects a "right," such as the interest in freedom from a previously barred claim, the amendment cannot be applied retroactively under 1 V.S.A. § 214(b)(2). See *id.* If the amendment only affects the scope of the "remedy" available when the cause of action accrues, the amendment is nonetheless limited to prospective application by 1 V.S.A. § 214(b)(4).

■ In 1 V.S.A. § 214, the legislature has explicitly adopted a general prohibition against the retroactive con-

struction of statutes. That general prohibition precludes us from giving retroactive effect to either of the limitations amendments at issue in this case. At the time the plaintiffs' claim accrued, the original 12 V.S.A. § 512(4) was in effect. Only that statute can govern the timeliness of the suit. The time for filing under this section commenced at the accrual of the cause of action, see *White* v. *White*, 136 Vt. 271, 273, 388 A.2d 386, 388 (1978), and expired before suit was filed. We therefore conclude that the trial court properly barred the plaintiffs' claim.

*Affirmed.*

Billings, J., dissenting. I must dissent. As I have stated in two prior cases, *Capron* v. *Romeyn*, 137 Vt. 553, 556, 409 A.2d 565, 567 (1979); *South Burlington School District* v. *Goodrich*, 135 Vt. 601, 608, 382 A.2d 220, 224 (1977), the archaic holding in *Murray* v. *Allen*, 103 Vt. 373, 154 A. 678 (1931), should have been overruled long before the legislature recently amended the statute to conform to the modern and more enlightened view. If the discovery rule was applied the statute of limitations would permit this action. I would reverse the trial court judgment and remand for trial.

Underwood, J., dissenting. *Murray* v. *Allen*, 103 Vt. 373, 154 A. 678, was decided in 1931. Its unjust and incompassionate holding was that a plaintiff injured by the negligence of his physician must go remediless if he is unable to detect his malady within three years of the physician's tortious act. That holding was then and still is unsupported by rhyme, reason or logic.

Forty-eight years later this Court in *Capron* v. *Romeyn*, 137 Vt. 553, 409 A.2d 565 (1979), had the opportunity to overrule *Murray* v. *Allen*. Unfortunately, it reaffirmed that regrettable holding in blind allegiance to stare decisis. Usually, it is the Court which tries to goad the legislature into action, or is accused of judicially legislating. When *Capron* v. *Romeyn* was decided, however, the legislature had already outstripped the court's holding in *Murray* v. *Allen*. Effective July 1, 1976, 12 V.S.A. § 512(4) was amended to adopt the discovery rule. That rule makes a cause of action for medical

malpractice accrue upon the date the victim discovers his injury, not on the date that the physician inflicts it.

1 V.S.A. § 214(b) prohibits us only from retroactively applying 12 V.S.A. § 512(4), effective July 1, 1976, to the plaintiff's discovery of her injury in March 1976. There is nothing in justice or in equity, however, to prevent us from now overruling *Murray* v. *Allen*. That outmoded decision was for all intents and purposes killed by legislative action in 1976. Now all that is left for us to do is give it a decent burial.

I dissent, and join with Justice Billings in voting to overrule *Murray* v. *Allen* and reverse and remand this case to give the parties their chance to fairly litigate the merits of plaintiffs' claim.