## State of Vermont v. Bernard J. Greenia, Jr.

[522 A.2d 242]

No. 84-610

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 9, 1987

*Helen V. Torino,* Franklin County State's Attorney, *Howard E. VanBenthuysen,* Deputy State's Attorney, and *Maxine Grad,* Law Clerk (On the Brief), St. Albans, for Plaintiff-Appellee.

*James W. Murdoch* and *Richard C. Bothfeld* of *Wool & Murdoch,* Burlington, for Defendant-Appellant.

**Hill, J.** Defendant appeals from a conviction, after jury trial, of driving under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2). We affirm.

Defendant moved below to suppress the results of a blood test administered after arrest. He argued that it was a violation of 23 V.S.A. § 1202(a) for the officer to fail to administer a breath test prior to a blood test, since breath testing equipment was available, and none of the other exceptions to 23 V.S.A. § 1202(a) were applicable. The trial court denied the motion to suppress, reasoning that when both a breath test and blood test are made available to a defendant, it is not a violation of § 1202(a) to administer only a blood test where a defendant requests a blood test and the officer acquiesces in that choice.

■ This Court may sustain the ruling of a trial court upon any legal ground even though the trial court may have based its ruling upon another ground. *Circus Studios, Ltd.* v. *Tufo*, 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984); *Potter* v. *Town of Clarendon*, 118 Vt. 278, 281, 108 A.2d 394, 396 (1954). Without passing upon the correctness of the trial court's reasoning, we think the decision must be sustained on the basis of the express language of § 1202(a).

Section 1202(a) states, in pertinent part:

> Any person who operates, attempts to operate or is in actual physical control of any vehicle on a highway in this state is deemed to have given his consent to the taking of more than one sample of his breath for the purpose of determining the alcoholic content of his blood. If breath testing equipment is not reasonably available or if the person is unable to give a sufficient sample of his breath for testing *or if a state police officer or law enforcement officer who has been certified by the Vermont criminal justice training council pursuant to Title 20, section 2358, has reasonable grounds to believe that the person is under the influence of a drug other than or in addition to alcohol, he is deemed to have given his consent to the taking of a sample of his blood for those purposes.*

23 V.S.A. § 1202(a)(emphasis added). The arresting officer testified at trial that the defendant told him, at some point after the administration of a preliminary breath alcohol screening test,*

---

\* This test was administered pursuant to 23 V.S.A. § 1202(b), which provides, in pertinent part:

(b) A law enforcement officer may test an individual with a preliminary breath alcohol screening device one or more times in order to determine

that he had ingested two different over-the-counter medicines, Nyquil and Optimine, several times that day. The officer also testified that defendant expressed the belief, prior to the administration of the blood test, that the ingestion of these medicines may have influenced the results of the preliminary breath test because of the presence of codeine and alcohol in them. The officer ultimately testified that the reason he administered a blood test instead of a breath test was his belief that defendant was, at the time, under the influence of the drugs contained in these medicines in addition to alcohol.

█ The statute only requires, prior to the administration of a blood test, that the officer have "reasonable grounds to believe that the person is under the influence of a drug other than or in addition to alcohol." 23 V.S.A. § 1202(a). The statutory standard was clearly met, justifying the administration of a blood test under § 1202(a).

Defendant's other arguments are without merit.

*Affirmed.*

---

whether further and more accurate testing is appropriate. The results of the breath alcohol screening test shall not be introduced as evidence and a sample of this breath test need not be retained or delivered to the defendant.