## Jacqueline D. Curran, Individually and as Guardian for Thomas W. Curran v. Roger John Marcille; A. James Walton, Comm'r, Dep't of Corrections; William Conway, Comm'r, Dep't of Motor Vehicles and State of Vermont

[565 A.2d 1362]

No. 87-389

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed August 4, 1989

248

*DeBonis, Wright & Winpenny, P.C.*, Poultney, for Plaintiff-Appellant.

*S. Stacy Chapman, III*, and *Joseph P. Jiloty* of *Webber, Costello & Chapman, Ltd.*, Rutland, for Defendants-Appellees.

**Allen, C.J.** Plaintiff alleges that her ward was injured on October 11, 1981 as a result of being struck by an automobile operated by Roger J. Marcille, a prisoner in state custody who was then on furlough. Plaintiff sued: A. James Walton, Commissioner of the Department of Corrections, for failing to exercise appropriate care in furloughing the prisoner; William Conway, Commissioner of the Department of Motor Vehicles, for failing to revoke Marcille's vehicle registration despite numerous DUI convictions; and the State of Vermont. The trial court granted the defendants' motions for summary judgment, based on the doctrine of sovereign immunity. On appeal, the plaintiff challenges the trial court's failure to find a waiver of sovereign immunity by the defendants under 29 V.S.A. § 1403. In the alternative, plaintiff argues that she has pleaded sufficient facts to avoid the statutory exception to liability set out in 12 V.S.A. § 5602(1). We affirm.

With regard to defendants Conway and Walton, the trial court's grant of summary judgment was not error since both defendants are entitled to absolute immunity as a matter of law under the doctrine of "official immunity." See *Levinsky v. Diamond*, 151 Vt. 178, 184–85, 559 A.2d 1073, 1078 (1989). In *Libercent v. Aldrich*, 149 Vt. 76, 84, 539 A.2d 981, 985 (1987), this Court noted that "[b]ecause the terms of 12 V.S.A. §§ 5601 and 5602 refer only to liability of the state, these statutes have no application to claims brought against state officers and employees." Official immunity, instead, shields state officials and employees under certain circumstances. *Id.* at 80, 539 A.2d at 983. Two degrees of official immunity have been recognized in this state: absolute immunity for "judges,

legislators and the state's highest executive officers in cases. where the acts complained of were performed within their respective authorities," and qualified immunity for lower-level officers, employees and agents "(1) acting during their employment and acting, or reasonably believing they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial, acts." *Levinsky*, 151 Vt. at 185, 559 A.2d at 1078.

■■ Defendants Conway and Walton, by virtue of their positions as Commissioner of the Department of Motor Vehicles and Commissioner of the Department of Corrections, are among the state's highest executive officers and were acting within the scope of their authority when releasing the defendant, Marcille, on furlough and when issuing or failing to revoke his registration. Both defendants are, therefore, entitled to absolute immunity for the acts complained of in this case. Although the trial court found that both defendants were immune to the present suit under the exceptions provision of the statutory waiver of sovereign immunity, 12 V.S.A. § 5602(1), rather than under the doctrine of official immunity, we still affirm the court's grant of summary judgment in favor of the defendants. "This Court may sustain the ruling of a trial court upon any legal ground even though the trial court may have based its ruling upon another ground." *State v. Greenia*, 147 Vt. 596, 597, 522 A.2d 242, 243 (1987).

The State of Vermont's immunity to suit, on the other hand, falls under the realm of sovereign immunity. *Levinsky*, 151 Vt. at 183, 559 A.2d at 1078. Under 12 V.S.A. § 5601, the State of Vermont has generally waived its sovereign immunity. The State's waiver, however, is subject to the exceptions set forth in 12 V.S.A. § 5602, including § 5602(1), which states:

> The provisions of this chapter shall not apply to:
> (1) Any claim based upon an act or omission of an employee of the state exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion involved be abused; ....

The trial court found that the acts or omissions of defendants Conway and Walton fell within the exceptions language of §

5602(1), so that § 5601 did not effect a waiver of sovereign immunity.

Notwithstanding § 5602, 29 V.S.A. § 1403 allows suits against the State to the extent the State has purchased liability insurance. The State argues, however, that under *Lomberg v. Crowley*, 138 Vt. 420, 415 A.2d 1324 (1980), § 1403 did not effect a waiver with respect to the acts set forth in § 5602(1). The trial court agreed. While the Legislature has amended § 1403 to expressly overrule *Lomberg*, 1981, No. 213 (Adj. Sess.), § 1 (effective July 1, 1982), the accident in question occurred prior to the effective date of the amendment, and the trial court rested its decision on that basis, citing *Cronin v. State*, 148 Vt. 252, 256 n.3, 531 A.2d 929, 931–32 n.3 (1987), *overruled on different grounds*, *Libercent*, 149 at 84, 539 A.2d at 986.

■■ Plaintiff's principal argument is that this Court should reconsider *Cronin*, since remedial or curative statutes are given retroactive effect to the extent they do not impair vested rights, citing *Coffman v. Coffman*, 60 A.D.2d 181, 188, 400 N.Y.S.2d 833, 837 (1977). *Coffman*, however, dealt with a statute which by its very terms was to be applied retroactively. *Id.* The Vermont Legislature included no retroactivity provision in its amendment to § 1403, and plaintiff has not presented strong ground for overcoming the effect of 1 V.S.A. § 214(b)(2), which provides:

(b) The amendment or repeal of an act or statutory provision ... shall not:

. . . .

(2) Affect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal; ....

This Court has repeatedly stated that absent the most clear and unequivocal language, a statute affecting legally existing rights should not be construed to operate retrospectively. *Northwood AMC Corp. v. American Motors Corp.*, 139 Vt. 145, 148, 423 A.2d 846, 848 (1980); *United States v. U.S. Fidelity & Guaranty Co.*, 80 Vt. 84, 97, 66 A. 809, 814 (1907); *Briggs v. Hubbard*, 19 Vt. 86, 90 (1846). The trial court did not err by applying the law under *Lomberg* prior to the 1982 amendment of § 1403 to conclude that plaintiff's claim was barred by sovereign immunity pursuant to §§ 5601 and 5602.

*Affirmed.*