PNC BANK, NATIONAL ASSOCIATION,
Plaintiff–Appellant,

v.

Robert B. MILLMAN and Mark
Fleischman, Defendants–
Appellees.

Docket No. 97–9354.

United States Court of Appeals,
Second Circuit.

Argued April 28, 1998.

Decided Jan. 13, 1999.

Peter W. Hall, Rutland, VT (Reiber, Kenlan, Schweibert, Hall & Facey, P.C.), and Gregg J. Borri, New York, NY, for Plaintiff–Appellant.

Matthew F. Valerio, Rutland, VT (Abatiell & Valerio), and Marc E. Elliot, New York, N.Y. (Goetz, Fitzpatrick, Carbone, Eiseman, Finegan & Rubin, LLP), for Defendant–Appellee Millman.

Before: NEWMAN and LEVAL, Circuit Judges, and WEXLER,[*] District Judge.

WEXLER, District Judge:

On this appeal, we must determine whether under Vermont law a four-year statute of limitations or a six-year statute of limitations applies to this diversity action to set aside an alleged fraudulent conveyance of property and impose a constructive trust. The district court concluded that a four-year statute of limitations applies and, because the action was brought more than four years (although less than six years) after the claim accrued, it held the action time-barred. Because we conclude that a six-year statute of limitations applies, we vacate the judgment and remand the matter.

## I. BACKGROUND

For purposes of this appeal, the relevant background can be summarized as follows. In 1988, defendant-appellee Dr. Robert Millman ("Millman"), and others, guaranteed a $4 million loan from Northeastern Bank of Pennsylvania ("NEB"), the predecessor of plaintiff-appellant PNC Bank, National Association, to a business venture, Bethany Associates, L.P. On August 7, 1990, NEB gave Millman notice of default, and on January 9, 1991, NEB sued Millman, and others, as guarantors on the loan in the United States District Court for the Middle District of Pennsylvania. On January 25, 1991, judgment was entered against Millman in the Pennsylvania action.

Meanwhile, in July 1990, Millman transferred to defendant-appellee Mark Fleischman ("Fleischman") his interest in a 60–acre property located in Vermont that both owned as tenants-in-common. The deed was executed by Millman in New York on July 15, 1990 and recorded in Vermont land records on February 6, 1991.

On May 13, 1996, over five years after the deed was executed and recorded, plaintiff, as successor by merger to NEB, commenced this action in the United States District Court for the District of Vermont against defendants Millman and Fleischman to set aside the July 1990 conveyance of Millman's property and impose a constructive trust pursuant to Vermont's then-existing fraudulent conveyances statute, 9 V.S.A. §§ 2281–2283 (the "repealed statute"). Effective July 1, 1996, that statute was repealed and replaced with a new statute, the Vermont Fraudulent Transfers Act, 9 V.S.A. §§ 2285–2295 (the "new statute"). Significantly, the repealed statute did not provide limitations periods for actions under that statute, but the new statute does provide limitations periods for claims under the new statute. Under § 2293 of the new statute, plaintiff's action would be subject to a limitations period of four years from the date of transfer or one year from the date plaintiff discovered or reasonably could have discovered the transfer.

Following pretrial discovery, defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6) and, alternatively, for summary judgment under Fed.R.Civ.P. 56, contending that this action is governed by the new statute and is time-barred by the new statute's limitations period. In opposing the motions, plaintiff argued that this action is governed by the repealed statute and that, because the relevant section of the repealed statute is silent as to the statute of limitations, the applicable limitations period is Vermont's general six-year statute of limitations. See 12 V.S.A. § 511. That provision applies to civil actions where no specific limitations period is otherwise provided.

The district court, treating defendants' motions as motions for summary judgment,

[*] The Honorable Leonard D. Wexler of the United States District Court for the Eastern District of New York, sitting by designation.

granted the motions initially and on reconsideration and entered judgment against plaintiff. The district court concluded that a four-year statute of limitations is applicable to this action, whether the action is governed by the repealed statute or the new statute.

Plaintiff appeals.

## II. DISCUSSION

We review *de novo* the district court's order granting defendants' motions for summary judgment on the ground that plaintiff's action is time-barred. *See Eagleston v. Guido*, 41 F.3d 865, 870 (2d Cir.1994).

### A. *The Repealed Statute is Applicable*

Plaintiff argues that the repealed statute, not the new statute, is applicable to this action. We agree.

■ Defendants contend that the repealed statute was repealed prior to plaintiff's commencement of this action and, therefore, the new statute applies. Defendants, however, overlook that the new statute, which was passed as part of Act No. 179 of the 1995 Adjourned Session of Vermont's General Assembly, did not become effective until July 1, 1996, approximately six weeks after plaintiff commenced this action. The 1995 Adjourned Session occurred between January 1996 and May 1996. As plaintiff notes, Vermont law provides that "[l]aws enacted by the general assembly shall take effect on July 1 next following the date of their passage, unless it is otherwise specifically provided." 1 V.S.A. § 212. The new statute did not specifically provide otherwise. Thus, the new statute did not take effect until after plaintiff commenced this action.

■ Defendants further argue that the new statute applies retroactively to plaintiff's action. Plaintiff argues, on the other hand, that Vermont's "savings statute," 1 V.S.A. § 214, which governs the effect of repeal on a statute, preserves its rights and remedies under the repealed statute, and that nothing in the new statute provides a basis for applying § 2293 retroactively.[1] In response, defendants argue that § 2293 of the new statute provides an express exception to § 214(b), thereby subjecting claims accrued under the repealed statute to the new statute's four-year limitations period.[2] In this respect, defendants maintain that § 2293 "extinguished the claim for fraudulent conveyances and provided for a specific statute of limitations to be used for those claims which had accrued under the repealed statute." Brief of Defendant–Appellee Robert B. Millman, at 9.

Despite defendants' contention, there is nothing in the language of the new statute,

---

1. Section 214 provides in relevant part:
 (b) The amendment or repeal of an act or statutory provision, except as provided in subsection (c) of this section, shall not:
 (1) Affect the operation of the act or provision prior to the effective date of the amendment or repeal thereof;
 (2) Affect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal;
 (3) Affect any violation of the act or provision amended or repealed, or any penalty or forfeiture incurred thereunder, prior to the effective date of the amendment or repeal;
 (4) Affect any suit, remedy or proceeding to enforce or give effect to any right, privilege, obligation or liability acquired, incurred or accrued under the amended or repealed provision prior to the effective date of the amendment or repeal; and the suit, remedy or proceeding may be instituted, prosecuted or continued as if the act or provision had not been repealed or amended.
 1 V.S.A. § 214(b). The exception in § 214(c), mentioned in the first sentence of § 214(b), is not applicable here. That exception requires retroactive application of an amendment of an act or statutory provision that reduces the penalty or punishment for an offense. *Id.* § 214(c).

2. Section 2293 provides:
 A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought:
 (1) under subdivision (a)(1) of section 2288 of this title within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant;
 (2) under subdivision (a)(2) of section 2288 or subsection (a) of section 2289 of this title within four years after the transfer was made or the obligation was incurred; or
 (3) under subsection (b) of section 2289 of this title, within one year after the transfer was made or the obligation was incurred.
 9 V.S.A. § 2293.

particularly § 2293, to demonstrate that it applies retroactively and overcomes the effect of § 214(b). *See, e.g., Curran v. Marcille,* 152 Vt. 247, 250, 565 A.2d 1362, 1364 (1989) (holding plaintiff failed to present "strong ground" for overcoming effect of § 214(b), and stating that "absent the most clear and unequivocal language, a statute affecting legally existing rights should not be construed to operate retrospectively"); *see also Stewart v. Darrow,* 141 Vt. 248, 251–53, 448 A.2d 788, 789–90 (1982) (holding § 214(b) precluded retroactive application of amended statute of limitations, where action time-barred under statute of limitations in effect when cause of action accrued). Section 2293 does not indicate that claims accruing under the repealed statute are "extinguished" and then subject to the new statute's limitations periods. Rather, that section provides that a claim regarding fraudulent transfer "under this chapter" is "extinguished" unless brought within the specified time limits. 9 V.S.A. § 2293. This language clearly does not overcome the effect of § 214(b). Thus, § 214(b) preserves plaintiff's rights and remedies that accrued under the repealed statute.

## B. *A Six–Year Statute of Limitations Applies*

 Plaintiff argues that the district court erred in determining that, even if the repealed statute applies, the action is time-barred by a four-year statute of limitations held applicable to actions under § 2282 of the repealed statute. Plaintiff maintains that its action falls under § 2281 of the repealed statute and is subject to Vermont's general six-year statute of limitations applicable to civil actions where no limitations period is otherwise provided. We agree.

---

3. Section 2282 provided in relevant part:
 The parties to such fraudulent and deceitful conveyances [of property] ... shall forfeit the value of such [property].... Such forfeiture shall be recovered in a civil action on this statute, half to go to the party aggrieved, and half to the county in which the offense is committed.
 9 V.S.A. 2282.

4. Section § 4506 provides:
 Actions upon a statute for a penalty or forfeiture given in whole or in part to the party

---

The district court construed plaintiff's action as falling under § 2282. Section 2282 of the repealed statute provides for an action for forfeiture and penalty for a fraudulent conveyance in violation of § 2281, with one-half of the proceeds going to the relevant county.[3] The district court then held that a four-year limitations period applies to actions under § 2282, relying on the Vermont Supreme Court's decision in *Abbadessa v. Tegu,* 121 Vt. 215, 154 A.2d 483 (1959). In *Abbadessa,* the Vermont Supreme Court held that the statute of limitations applicable to an action under a predecessor statute to § 2282 is the four-year limitations period of a predecessor statute to § 4506 of Vermont's criminal code, 13 V.S.A. § 4506,[4] which applies to actions upon a statute for forfeiture and penalty. *See Abbadessa,* 121 Vt. at 220–21, 154 A.2d at 486–87.

Although *Abbadessa*'s four-year limitations period would apply if plaintiff's action arose under § 2282, the district court erred in construing plaintiff's action as falling under that section. The action falls under § 2281 of the repealed statute. Section 2282 governs actions for forfeiture and penalty to be shared with the relevant county. Plaintiff makes no claim for forfeiture and penalty. Rather, plaintiff seeks equitable relief to set aside a fraudulent conveyance and impose a constructive trust for a conveyance void under § 2281.[5] Vermont law distinguishes between actions seeking forfeiture and penalty and those seeking the equitable relief plaintiff seeks here. *See, e.g., Newman v. Garfield,* 93 Vt. 16, 19–20, 104 A. 881, 883 (1918) (in action under statute governing fraudulent bulk sales, distinguishing actions to set aside conveyance or impose constructive trust from actions under a predecessor statute to § 2282

---

aggrieved shall be commenced within four years after the commission of the offense.
13 V.S.A. § 4506.

5. Section 2281 provided:
 Fraudulent and deceitful conveyances ... made or had to avoid a right, debt, or duty of another person, shall, as against the party only whose right, debt or duty is attempted to be avoided, ... be null and void.
 9 V.S.A. § 2281.

for forfeiture and penalty to be shared with county); United States v. Mabile, No. 90–299, 1991 U.S. Dist. LEXIS 19559, *4 (D.Vt. Dec. 10, 1991) (holding four-year limitations period of 13 V.S.A. § 4506 inapplicable to action to set aside conveyance pursuant to § 2281, upon concluding that "an action to set aside a fraudulent conveyance is merely an action to redress a private injury, and is not in the nature of a penalty or forfeiture," as under § 2282). Thus, the four-year statute of limitations held applicable to forfeiture and penalty actions under § 2282 of the repealed statute does not apply to plaintiff's action to set aside an alleged fraudulent conveyance and impose a constructive trust for a conveyance void under § 2281. We must therefore look to § 2281 for the governing statute of limitations.

■ Under Vermont law, if no specific limitations period is otherwise provided, the limitations period for a civil action—subject to certain exceptions not applicable here—is six years. See 12 V.S.A. § 511.[6] Because § 2281 did not provide a specific limitations period, the six-year limitations period of 12 V.S.A. § 511 is applicable. See, e.g., Mabile, 1991 U.S. Dist. LEXIS 19559, *4 (holding six-year statute of limitations of 12 V.S.A. § 511 applicable to action to set aside a fraudulent conveyance pursuant to § 2281). Because plaintiff commenced this action less than six years after the deed was executed and recorded, this action is not time-barred by the applicable six-year statute of limitations.

## CONCLUSION

We conclude that a six-year statute of limitations applies to plaintiff's action; therefore, this action is not time-barred. The judgment of the district court is vacated, and the matter is remanded for further proceedings.

---

6. Section 511 provides:

A civil action, except one brought upon the judgment or decree of a court of record of the United States or of this or some other state, and except as otherwise provided, shall be commenced within six years after the cause of action accrues and not thereafter.

12 V.S.A. § 511.