*Morgan v. Pallito*, Nos. 309-5-14 Wncv and 568-9-14 Wncv (Teachout, J., Sept. 4, 2015).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket Nos. 309-5-14 Wncv** |
| | **and 568-9-14 Wncv** |

**MATTHEW MORGAN**
    **Plaintiff**

    **v.**

**ANDREW PALLITO, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

## DECISION
### The State's Motions for Judgment on the Pleadings

Inmate Matthew Morgan has filed two cases arising out of his incarceration.[1]  In each, the only named defendant is Andrew Pallito, the Commissioner of the Vermont Department of Corrections.  In the case docketed as No. 309-5-14 Wncv, Mr. Morgan complains that the DOC has failed to keep him safe from other identified prisoners who present an ongoing risk of harm to him and in fact have attacked and injured him seriously more than once.  In the case docketed as No. 568-9-14 Wncv, Mr. Morgan complains that, while being housed in an out-of-state facility, he was repeatedly placed in disciplinary segregation for periods substantially longer than permitted under Vermont law.  Based on the pleadings, the State seeks a ruling in each case that Commissioner Pallito has absolute immunity as a matter of law and thus these cases should be dismissed.

The State's motions are predicated on its narrow interpretation of the complaints.  In each case, the State characterizes Mr. Morgan's claims as a form of common law negligence.  It then argues that the Commissioner Pallito has absolute immunity against such a claim.  To the extent that Mr. Morgan is attempting to assert common law negligence claims against Commissioner Pallito in his individual capacity, he has absolute immunity as the State argues.  See *Curran v. Marcille*, 152 Vt. 247, 248–49 (1989) (explaining that the Commissioner of the Vermont Department of Corrections is a high-level official with absolute immunity to a common law negligence claim).

However, the immunity doctrine on which the State relies applies only to state claims against defendants in their individual capacity.  See *id*. at 248 (explaining that sovereign immunity is the doctrine that applies to claims against the State); Sec. 1983 Litig. Claims & Defenses § 9.01(b)[2] (explaining that "state law immunity defenses and privileges do not apply" to federal claims brought under 42 U.S.C. § 1983).

---

[1] These cases have *not* been consolidated pursuant to Rule 42.  The pending motions are nearly identical and are being decided in this joint decision in the interest of efficiency only.  The parties are cautioned against submitting any joint filings.

In each case, Mr. Morgan alleges, in places, that Commissioner Pallito has been negligent. In the inmate violence case, he also speaks of deliberate indifference to the risk of harm to him, an Eighth Amendment claim. In the segregation case, he speaks of due process. In both cases he seeks damages. He appears no longer to seek equitable relief in the inmate violence case, but he appears to request it in the segregation case for several reasons. Equitable relief would be available against the State, not Commissioner Pallito in his individual capacity. In neither case has Mr. Morgan made clear that he has sued Commissioner Pallito in his individual capacity alone.

Mr. Morgan's claims are not well developed at this point and they may prove in the end to lack merit. However, at this stage of the pleadings, the State has interpreted them far too narrowly to permit dismissal.

**ORDER**

For the foregoing reasons, the State's motions for judgment on the pleadings is granted in part and denied in part.

Dated at Montpelier, Vermont this ____ day of August 2015.

_____
Mary Miles Teachout,
Superior Judge