*Shatrau v. Menard*, No. 400-7-19 Wncv (Tomasi, J., Mar. 16, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 400-7-19 Wncv |

| | |
|---|---|
| Eric Shatrau,<br>　　　Plaintiff<br><br>　　　v.<br><br>Lisa Menard,<br>Al Cormier,<br>Norah Quinn,<br>Jeff Corrow,<br>Mark Valley,<br>Clyde Bradley,<br>Centurion of Vermont LLC,<br>　　　Defendants | |

### Opinion and Order on Defendant Lisa Menard's Motion to Dismiss

Plaintiff is a prisoner under supervision of the Vermont Department of Corrections (DOC). He brings this action asserting tort claims arising out of an injury he sustained while on a DOC community work crew. Plaintiff has effected service solely on Defendant Lisa Menard, the former Commissioner of DOC, in her official capacity. Menard has moved to dismiss arguing that this case is barred by the provisions of Vermont's injured offender compensation program. No opposition has been filed. The Court makes the following determinations.

The Legislature passed a law to afford a certain remedy for prisoners suffering injuries "arising out of and in the course of work, industry, or an employment program, at a correctional facility, or any community service or public works activity or vocational training directed by the department of corrections." 28 V.S.A. § 760(a). The Legislature further provided that the remedies set out in

Section 760 should be analogous to those given under the Vermont workers compensation laws. *Id.* As with workers compensation laws, the remedy provided is exclusive. Section 760(b) expressly states:

> *The rights and remedies provided by this section* and the rules adopted under authority of this section to an offender on account of a personal injury for which he or she is entitled to compensation under this section *shall exclude all other rights and remedies of the offender*, the offender's personal representation, dependents or next of kin, at common law, or otherwise on account of such injury.

*Id.* (emphasis added).[1] Lastly, the Legislature charged DOC with promulgating rules to effectuate the provisions of the law and create the inmate compensation program.

In short, if a prisoner sustains an injury that falls under the terms of a compensation program created under Section 760(a), by force of Section 760(b), the that program is his or her exclusive remedy.

Here, the injury alleged in the Complaint plainly occurred during an activity described in Section 760(a). It is unclear, though, whether the DOC has promulgated the rules needed to create an inmate compensation program. Menard has attached to her motion two policies that appear to create the type of program envisioned by Section 760. The attached copies are unsigned and undated, however. The Court can take notice of public documents under certain circumstances, but it declines to do so where the records provided fail to establish that the documents are genuine, have been promulgated, or are in force.

---

[1] The Court agrees with Menard that the Vermont Tort Claims Act is inapplicable to this case if Section 760 applies. That is due to the exclusive remedy provision of Section 760, however, not the retention of sovereign immunity set out in 12 V.S.A. 5601(e)(7). That is a separate provision that would depend upon whether the State has purchased insurance. *Id.* § 5601(f). Section 760 is a freestanding provision that affords its own exclusive remedy for claims that fall within its ambit.

Accordingly, the Court will permit Menard 21 days to provide additional evidence as to the attachments before ruling on the motion to dismiss.[2]

Electronically signed on March 13, 2020 at 10:31 AM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

[2] Menard also argues that she should be immune from suit based on her absolute immunity. The Court agrees that, as the highest ranking official at the DOC, she is immune from suit in her individual capacity for tort claims the arise from matters within the scope of her authority. *See Curran v. Marcille*, 152 Vt. 247, 248-49 (1989). Plaintiff makes no claim that she acted beyond her authority in this case. Here, however, service on Menard was effected only in her official capacity. As a result, the Court has no occasion to consider the individual capacity claim at this time.