
Vermont Superior Court
Filed 04/10/25
Rutland Unit

VERMONT SUPERIOR COURT
Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04052

---

**Zackary Gouette v Nicholas Deml, Commissioner VT DOC et al**

---

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss Amended Complaint (Motion: 4)
Filer:        Alexander Hunter
Filed Date:   October 03, 2024

This is an action brought by Zackary Gauette against the Commissioner of the Department of Corrections Nicholas Deml ("Commissioner") and the State of Vermont. Petitioner filed an amended complaint on July 12, 2024. Respondents filed a motion to dismiss on October 3, 2024. Petitioner filed a response on March 10, 2025 and Respondents filed a reply on March 21, 2025. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

### Standard of Review

In deciding a motion to dismiss under V.R.C.P. 12(b)(6), courts must "assume as true the nonmoving party's factual allegations and accept all reasonable inferences that may be drawn from those facts." *Murray v. City of Burlington,* 2012 VT 11, ¶ 2. A motion under V.R.C.P. 12(b)(6) may not be granted "unless it appears beyond doubt that there exist no facts or circumstances that would entitle the Petitioner to relief." *Id.* (citations and quotations omitted). In accepting factual allegations a true, courts are "not required to accept as true conclusory allegations or legal conclusions masquerading as factual conclusions." *Colby v. Umbrella, Inc.,* 2008 VT 20, ¶ 10.

### Factual Allegations

Petitioner is currently in the custody of the Commissioner of the Department of Corrections serving a sentence. Petitioner was previously housed at Marble Valley Regional Correctional Facility in Rutland, Vermont. On July 24, 2023, Petitioner leaned against a wall in the Bravo Unit of the Facility. Petitioner was electrocuted due to a live, exposed, and uncapped wire inside and outside of a junction box. This electrocution caused pain and numbness to Petitioner's hand and fingers. This has impeded Petitioner's ability to use his hand to write and work. Respondents failed to keep Petitioner safe by allowing a live, exposed, and uncapped wire to be on the wall of Bravo Unit.

Petitioner filed a request for medical care from WellPath, the medical provider utilized by the Commissioner for health care in correctional facilities, on July 24, 2023. Petitioner filed a second request for medical care on August 3, 2023. Petitioner filed an informal grievance on August

2, 2023 regarding the outlet and two formal grievances regarding the outlet on July 30, 2023 and August 6, 2023. Petitioner's August 6, 2023 formal complaint states as follows:

> On 7-24-23 I was shocked by open wires on B-Pod in Marble Valley Correctional Facility. It burned the end of my finger pretty badly. Also I have incurred several health problems that I have addressed w/ medical staff. This shock was not a result of malicious actions by myself. I was just standing there talking to inmate Randy Kolbe leaning on the wall and it just happened. I now can't feel the ends of my fingers + also have at tic in my back sometimes. I have all medica slips. The extra conduits need to be taken out. Thank you for your time.

The Department of Corrections' (the Department) response was, "BGS and the grievance coordinator will be notified." Petitioner did not agree to this plan and filed a notice of appeal with the Commissioner on August 6, 2023. In the appeal, Petitioner indicates that "BGS and GTL need to be held responsible for their negligence!!"

On September 8, 2023, the Commissioner determined the issue raised by Petitioner in his August 6, 2023 grievance had been resolved. The Commissioner stated that the wire had been capped to prevent further electrocution incidents. In addition the Commissioner stated, "Your concerns have been addressed by facility medical staff. Please submit another sick slip if you feel you need additional assistance." No additional sick slips were submitted by Petitioner regarding any medical condition resulting from the July 24, 2023 incident. Petitioner filed this case on September 27, 2023.

Analysis

Respondents have raised several arguments in their motion to dismiss. These include: 1) Petitioner failed to exhaust his administrative remedies; 2) Petitioner's did not submit a Certificate of Merit regarding his claim regarding medical care; 3) Absolute and sovereign immunity as to Commissioner Deml; and 4) Petitioner failed establish negligence. Each argument will be addressed separately.

1. *Exhaustion of Administrative Remedies*

The court does not have jurisdiction to hear Petitioner's claims regarding lack or appropriate medical care because Petitioner failed to exhaust his administrative remedies. "A trial court lacks subject matter jurisdiction to hear a case if a party fails to exhaust administrative remedies." *Pratt v. Pallito,* 2017 VT 22, ¶ 15. The Vermont Supreme Court in *Mullinnex v. Menard,* 2020 VT 33, held that an inmate who believes they are not receiving medical care as required by 28 V.S.A. § 801 must exhaust the Department's grievance process before initiating civil litigation.

Petitioner's August 6, 2023 grievance does not put the Department or the Commissioner on notice that he believe he was not receiving appropriate medical care. The grievance starts with reporting being electrocuted by a live wire in Bravo Unit and identifies the harm it caused. The grievance does note Petitioner suffered medical injuries that caused him to consult with medical staff. The only request made, however, is that the conduits be removed. Petitioner did not identify any lack of proper medical care in the grievance, nor did he identify any change or request in medical

care. The August 6, 2023 grievance was the only grievance that was appealed to the Commissioner. In the appeal to the Commissioner Petitioner only requested that those likely responsible for maintenance and repair of the wires--BGS and GTL—"be held responsible for their negligence," and did not allege inadequate medical care, or request further or different care.

Petitioner did not submit any additional grievance from the July 24, 2023 incident where he alleged lack of proper medical care by the Department. As such, Petitioner did not exhaust his administrative remedies. The Department's grievance policy, Directive 320, requires an inmate to initiate an informal grievance. Ex. B, p. 7. If the informal response is unsuccessful, the inmate may initiate a formal grievance. *Id.* If the inmate is not satisfied with how the Department responds to the formal grievance, they may appeal that decision to the Commissioner. *Id.* at 12. The Commissioner's decision is considered final with no further administrative appeals. *Id.* at 15. Petitioner did not follow this process as to any requested medical care needed as a result of the July 24, 2023 incident. Although Petitioner sought medical attention, as demonstrated by the requests for care to WellPath, he did not grieve any lack of response to those requests. Because Petitioner failed to exhaust his administrative remedies regarding medical care, the court lacks jurisdiction to hear those claims and they are dismissed.

## 2. *Lack of Certificate of Merit*

The court does not address this argument as Petitioner's claims regarding medical care are dismissed for lack of jurisdiction.

## 3. *Absolute and Sovereign Immunity*

Commissioner Deml is entitled to absolute immunity under the alleged facts of this case. "Absolute immunity applies to judges, legislators and the state's highest executive officers when they are acting within their respective authorities." *LaShay v. Dept. of Social and Rehabilitation Services,* 160 Vt. 60, 64 (1993). The Vermont Supreme Court has held that the Commissioner of the Department of Corrections is one of "the state's highest executive officers" for the purposes of absolute immunity. *Curran v. Marcille,* 152 Vt. 247, 249 (1989). The Commissioner is thus entitled to absolute immunity if the acts complained of were within his official duties. *Id.*

The Commissioner was required to respond to any grievance appeal pursuant to DOC Directive 320. His decision on September 8, 2023 that the issue was resolved is therefore protected by absolute immunity. Petitioner does not identify any other acts by the Commissioner in his complaint. Accordingly, the Commissioner is entitled to absolute immunity under the allegations in this case.

"Sovereign immunity protects the State and its components from liability for money damages unless immunity is waived by statute." *Wool v. Menard,* 2018 VT 23, ¶ 8. The State of Vermont has waived sovereign immunity to the extent set forth in the Vermont Tort Claims Act. 12 V.S.A. Chap. 189. This Act "provides that the State can be held liable for injury to persons or property caused by the negligent or wrongful act or omission of a State employee while acting in the scope of his or her employment, provided that the claim is 'comparable to a recognized cause of action against a private person.'" *Wool,* 2018 VT 23, ¶ 9 (quoting *Sabia v. State,* 164 Vt. 293, 298 (1995)). The Act states "the exclusive right of action shall lie against the State of Vermont; and no

such action may be maintained against the employee or the estate of the employee." 12 V.S.A. § 5602(a). Thus, any action for negligence by employee of the Department, whether it be the Commissioner or an employee of a correctional facility, must be brought against the State rather than the employee.

The Commissioner is protected by absolute and sovereign immunity, thus he must be dismissed from the action.

### 4. *Negligence*

Petitioner has established the essential elements of negligence to survive a motion to dismiss. "To support a negligence claim, a plaintiff must show that the defendant owed the plaintiff a duty that was breached, which proximately caused injury to the plaintiff." *LeClair v. LeClair,* 2017 VT 34, ¶ 10. Vermont Rule of Civil Procedure 8(a) requires that "a claim for relief shall contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for judgment for the relief to which he deems himself entitled. A pleading is sufficient if it gives fair notice of the claim and the grounds upon which it rests." *Bressler v. Keller,* 139 Vt. 401, 402-3 (1981). Upon review of a motion to dismiss, the question is "whether the bare allegations of the complaint are sufficient to state a claim." *Kaplan v. Morgan Stanley & Co.,* 2009 VT 78, ¶ 7. In this case, Petitioner has alleged that while in custody of the Commissioner of the Department of Corrections, he was injured due to leaning against an exposed wire. As noted above, a motion under V.R.C.P. 12(b)(6) may not be granted "unless it appears beyond doubt that there exist no facts or circumstances that would entitle the Petitioner to relief." *Murray v. City of Burlington,* 2012 VT 11, ¶ 2. (citations and quotations omitted). The facts alleged by Petitioner in the amended complaint are sufficient to survive a motion to dismiss. Respondent's motion to dismiss Petitioner's claim for negligence is therefore denied.

### Conclusion

For the reasons stated above, all claims are dismissed except for Petitioner's claim of negligence. The Commissioner is dismissed as a party.

Electronically signed on April 10, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*

Alexander N. Burke
Superior Court Judge