## David LaShay v. Department of Social and Rehabilitation Services; William Young, Commissioner of Social and Rehabilitation Services; P. Lawrence Belove and Ricky Lee Rice

[625 A.2d 224]

No. 92-118

Present: Allen, C.J., Gibson, Dooley and Johnson, JJ., and Bryan, Supr. J., Specially Assigned

Opinion Filed January 15, 1993

Motion for Reargument Denied February 24, 1993

*William M. McCarty* and *Bruce Hesselbach* of *McCarty Law Offices*, Brattleboro, for Plaintiff-Appellant.

*John A. Serafino* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendants-Appellees.

**Gibson, J.** Plaintiff David LaShay appeals from a summary judgment order entered in favor of defendants Social and Rehabilitation Services (SRS); William Young, Commissioner of SRS; and P. Lawrence Belove, a former SRS employee. Plaintiff claims that the court erred in concluding that defendants are immune from plaintiff's suit, which alleges that he was sexually abused by his foster father after SRS received warnings concerning the placement. We affirm the decision with regard to defendant Young but reverse with regard to defendants Belove and SRS.

In reviewing a decision to grant summary judgment, we regard all allegations made in opposition to the motion as true if supported by affidavits or other evidentiary material. *Messier v. Metropolitan Life Ins. Co.*, 154 Vt. 406, 409, 578 A.2d 98, 99–100 (1990). As a result, we summarize the facts as advanced by plaintiff.

On February 1, 1985, plaintiff was in the custody of the Commissioner of SRS[1] who placed him in the foster home of defendants Ricky Lee Rice and Donna Rice. The Rices had submitted an application to SRS for a foster home license that was pending at the time of placement. Plaintiff was fourteen years old.

On about February 11, 1985, upon learning that plaintiff had been placed with the Rices, William Wait, plaintiff's former foster parent, telephoned SRS employees repeatedly to warn them that plaintiff should be removed from the Rices' home immediately. Mr. Wait knew that defendant Rice had asked another foster child in Mr. Wait's care to engage in sexual activity with him. Mr. Wait spoke with defendant Belove, the case worker supervisor, among others at SRS. Plaintiff was not removed from the Rice household, nor did SRS investigate the allegations.

During the latter part of February and March 1985, defendant Rice sexually abused plaintiff on three occasions. Plaintiff was removed from the Rice household on April 19, 1985, after SRS received complaints about the abuse via plaintiff's natural mother.

---

[1] Defendant Young became Commissioner of SRS on February 5, 1985.

Plaintiff filed a complaint against defendants Rice, Young, Belove and SRS in May 1989, alleging three counts of assault; negligent placement, supervision and investigation; breach of statutory duties; and deprivation of liberty under Chapter I, Article 1 of the Vermont Constitution.[2] On June 28, 1991, defendants Young, Belove and SRS moved for summary judgment on the ground that each was immune from suit for the actions alleged.[3] The superior court granted the motion, holding that (1) defendants Young and Belove are shielded from suit under the doctrine of official immunity, and (2) SRS is shielded from suit under the doctrine of sovereign immunity. Plaintiff appeals this decision.

We first address a procedural issue raised by defendants. They claim this Court has no jurisdiction to consider this appeal until a final judgment is entered regarding the claims against defendant Rice. Defendants maintain that the Court cannot consider an appeal in the absence of a final order unless the collateral order exception to the finality rule applies. See V.R.A.P. 5.1. We do not address defendants' argument because the trial court has entered final judgment regarding defendants Young, Belove and SRS.

Under V.R.A.P. 4, when the notice of appeal is filed prior to entry of final judgment but after a decision has been announced, the notice is treated as filed on the day that final judgment is entered. In this case, the decision was announced on January 28, 1992, in the court's summary judgment order. Plaintiff filed a notice of appeal on February 26, 1992, and the court entered final judgment pursuant to V.R.C.P. 54(b) on September 23, 1992. Consequently, we treat the notice of appeal as though filed on September 23. See V.R.A.P. 4.

I.

We next consider the issues of immunity. The first issue is whether defendants Young and Belove are entitled to im-

---

[2] We do not reach plaintiff's constitutional claim because the trial court has not addressed it.

[3] Defendants filed two motions for summary judgment prior to the motion filed on June 28, 1991, which were both denied. Defendants did not raise the immunity issue in either of the previous motions.

munity from suit based on the facts alleged. Under some circumstances, official immunity shields state officials and employees from lawsuits based on their activities. *Levinsky v. Diamond*, 151 Vt. 178, 183, 559 A.2d 1073, 1077 (1989), *overruled on other grounds, Muzzy v. State*, 155 Vt. 279, 583 A.2d 82 (1990). We have recognized two degrees of official immunity: absolute immunity and qualified immunity. *Id.* at 184–85, 559 A.2d at 1078. Absolute immunity applies to judges, legislators and the state's highest executive officers when they are acting within their respective authorities. *Id.* at 185, 559 A.2d at 1078. Because defendant Young is the highest executive officer at SRS, he is entitled to absolute immunity, if he was acting within the scope of his authority. See *Curran v. Marcille*, 152 Vt. 247, 249, 565 A.2d 1362, 1363 (1989) (Commissioners of Department of Motor Vehicles and Department of Corrections entitled to absolute immunity); *Levinsky*, 151 Vt. at 185, 559 A.2d at 1079 (Commissioner of Department of Social Welfare entitled to absolute immunity).

The scope of authority of the Commissioner of SRS is defined, in part, by 3 V.S.A. § 3052, which provides:

Mandatory duties

(a) The commissioner shall determine the policies of the department, and may exercise the powers and shall perform the duties required for its effective administration.

(b) In addition to other duties imposed by law, the commissioner shall:

(1) Administer the laws assigned to the department.

(2) Coordinate and integrate the work of the divisions.

(3) Supervise and control all staff functions.

Plaintiff alleges that defendant Young (1) violated the Foster Home Regulations by placing and maintaining plaintiff in an unlicensed home and (2) failed to train and supervise employees adequately regarding the reporting and investigating of allegations of child abuse. All of these actions fall within the scope of the Commissioner's authority to "[a]dminister the laws assigned to the department" and to "[s]upervise and control all staff functions," 3 V.S.A. § 3052; therefore, defendant Young is entitled to absolute immunity.

■ Unlike defendant Young, defendant Belove is not among the state's highest executive officers. Qualified immunity, however, protects lower level officers, employees and agents "(1) acting during their employment and acting, or reasonably believing they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial acts." *Levinsky*, 151 Vt. at 185, 559 A.2d at 1078. Plaintiff concedes that the alleged conduct of defendant Belove was in the course of his employment. He disputes, however, whether defendant Belove met the other two elements.

■ "Good faith exists where an official's acts did not violate clearly established rights of which the official reasonably should have known." *Murray v. White,* 155 Vt. 621, 630, 587 A.2d 975, 980 (1991). In *Murray,* we held that the defendant SRS case worker was immune from suit for conducting an allegedly inadequate and one-sided investigation following a report of child sexual abuse. *Id.* at 632, 587 A.2d at 981. The plaintiff in that case argued that the investigation had not been carried out in good faith, and that, therefore, the defendant was not entitled to immunity. There, however, the defendant had complied with 33 V.S.A. § 4915 by conducting an investigation immediately after receiving the report, and the investigation was in conformance with statutory guidelines and the SRS Policy Manual. *Id.* at 631–32, 587 A.2d at 981. We concluded that because the defendant's investigation was in compliance with statutory requirements, the case worker should not reasonably have known that she was obligated to investigate further. Therefore, we held that her investigation was undertaken in good faith. *Id.* at 632, 587 A.2d at 981.

■ Under the third element, a discretionary duty is one requiring judgment in performance. *Libercent v. Aldrich,* 149 Vt. 76, 81, 539 A.2d 981, 984 (1987). A ministerial duty is a definite duty imposed by law under the conditions shown to exist. *Id.* In *Libercent,* we held that the duty to maintain and repair a state motor vehicle was a ministerial duty where the defendants had an absolute duty to the plaintiff to perform periodic inspections to ensure roadworthiness and plaintiff had made several reports concerning the condition of the vehicle. *Id.* at 82, 539 A.2d at 984. Thus, we concluded that "to the extent the defendants'

acts or omissions were breaches of their ministerial duties, they are not immune from tort liability." *Id.*

In the instant case, plaintiff argues that, after receiving the warning on February 11, 1985, concerning plaintiff's placement with defendant Rice, defendant Belove had a duty to report to the Commissioner that plaintiff was threatened with a substantial risk of physical or mental injury. See 33 V.S.A. §§ 4912–4914. According to plaintiff, Mr. Wait called SRS repeatedly on or about February 11, 1985, to urge SRS employees to remove plaintiff from the home of defendant Rice. Mr. Wait spoke with defendant Belove during at least one of these calls. Plaintiff maintains that defendant Belove reasonably should have known that he was required to report to the Commissioner, and, thus, the failure to report constitutes a failure to act in good faith. Moreover, plaintiff argues that because reporting is mandatory, the act is ministerial, not discretionary. Plaintiff's argument regarding both factors relies on his contention that defendant Belove had a statutory duty under 33 V.S.A. § 4913(a) to report Mr. Wait's allegations.

Defendant Belove does not dispute plaintiff's legal analysis; rather, he challenges the underlying facts. He maintains first that he did not know of Mr. Wait's reports concerning defendant Rice prior to April 18, 1985, the day plaintiff was removed from the Rice household. Second, he asserts that even if he had been aware of Mr. Wait's warnings, they were insufficient to trigger mandatory reporting under 33 V.S.A. § 4913(a) because, according to defendant Belove, Mr. Wait merely notified SRS that defendant Rice had made sexual advances toward a male coworker.[4] These assertions create material facts in dispute.

Giving the benefit of all reasonable doubts to the party opposing summary judgment, we conclude that defendant Belove is not entitled to immunity from suit as a matter of law. We agree with plaintiff that, under 33 V.S.A. § 4913(a), defendant Belove had a duty to report Mr. Wait's allegations if Mr. Wait

---

[4] We agree with the trial court that Mr. Wait's allegation that defendant Rice was bisexual is insufficient, as a matter of law, to mandate reporting under 33 V.S.A. § 4913(a). While it seems clear on appeal that defendant Rice's male coworker was a minor, the parties dispute whether this information was provided to SRS prior to plaintiff's removal from the Rice household.

told him that defendant Rice had previously requested sex with a minor.[5] If defendant were required to report but did not, the fact finder could find that he violated his statutory duty, and, therefore, did not act in good faith. Cf. *Murray*, 155 Vt. at 632, 587 A.2d at 981 (case worker who complied with statutory duty acted in good faith). Further, if reporting were mandatory, it was a ministerial, not a discretionary duty. Cf. *Libercent*, 149 Vt. at 82, 539 A.2d at 984 (absolute duty to inspect state motor vehicles was ministerial duty; thus, defendants were not entitled to immunity). We, therefore, hold that the court erred in granting summary judgment in favor of defendant Belove.

## II.

Plaintiff also challenges the court's conclusion that SRS is shielded from suit under the doctrine of sovereign immunity. Sovereign immunity protects the state from suit unless immunity is expressly waived by statute. *Levinsky*, 151 Vt. at 183, 559 A.2d at 1077. The State of Vermont has waived its immunity to certain suits under 12 V.S.A. § 5601. *Curran*, 152 Vt. at 249, 565 A.2d at 1363. This statute provides, in part:

> The state of Vermont shall be liable for injury to persons . . . caused by the negligent or wrongful act or omission of an employee of the state while acting within the scope of employment, under the same circumstances, in the same manner and to the same extent as a private person would be liable to the claimant . . . .

This provision is similar to 28 U.S.C. § 2674 of the Federal Tort Claims Act (FTCA), which permits certain actions in tort to be

---

[5] Plaintiff also argues that, under 33 V.S.A. § 4915, defendant Belove had a duty to investigate Mr. Wait's allegations of abuse. Defendant cannot have both the duty to report the abuse under § 4913(a) and the duty to investigate under § 4915. If defendant Belove was designated under § 4914 to receive reports of child abuse, then he had a duty to investigate reports of child abuse. There is, however, no evidence that defendant Belove was so designated by the Commissioner. Consequently, on the evidence before us, we assume he was required to report any allegations of abuse to the appropriate designee.

brought against the federal government.[6] We therefore look to the case law interpreting the federal provision to guide us in determining the extent of the waiver in § 5601.

FTCA imposes liability on the government where the plaintiff's cause of action is "comparable" to a recognized cause of action against a private citizen. *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1988). The government remains immune, however, for governmental functions for which no private analog exists. *Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 485–86, 622 A.2d 495, 497–98 (1993). In the instant case, the superior court decided that there was no private analog to the actions of defendant SRS in placing plaintiff in a foster home, and thus, no waiver of sovereign immunity. We disagree.

■ Private child-placing agencies are permitted under Vermont law. Indeed, SRS is responsible for licensing these agencies. See 15 V.S.A. § 432(a). SRS regulations provide that a "child placing agency is an organization established for the purpose of providing or arranging placement for children in foster homes, residential child care facilities or adoptive homes." 3 Code of Vermont Rules (Human Services — SRS), Rule 13162005, at 3. Accordingly, we conclude that private entities may also place children in foster homes.

■ Moreover, these agencies have a duty to children in their custody to train and supervise agency staff, train and supervise foster parents, conduct thorough home studies before licensing a foster home, provide continuing supervision and support after a placement is made, and report any suspected or alleged incident of child abuse or neglect. *Id.* at 25–31. This legal duty gives rise to a cause of action against a placement agency where a plaintiff establishes the factual elements of negligence. Consequently, there is a private cause of action for negligence that is "comparable" to the claim asserted by plaintiff in this case.

Regardless of this direct analog in the private sector, there are numerous other analogous situations on which we could

---

[6] 28 U.S.C. § 2674 provides, in part, "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."

rely. Many private persons entrust the care of children in their custody to other parties such as teachers, daycare workers and babysitters. SRS was not performing a uniquely governmental function by delegating care of a child in its custody to another person. Defendant is correct that only the state can remove plaintiff from the custody of his parents and legally grant custody to the Commissioner of SRS. Plaintiff's claims, however, are not based on removal from his mother's custody but rather on the foster home placement.

We also recognize private analogs to plaintiff's claim under 33 V.S.A. § 4913, the child-abuse reporting statute. Under this statute, all persons in the enumerated professions are obligated to report suspected child abuse. The statute does not differentiate between those who are employed by the state and those employed in the private sector. Thus, there is also a private analog to the claim asserting violation of the statutory duty to report.

SRS argues that even if the Court finds that there are private analogs to the claims herein, this case falls under the exceptions to the general waiver in 12 V.S.A. § 5601(a) enumerated in subsection (e)(6).[7] This subsection states in part that the general waiver does not apply to "[a]ny claim arising out of alleged assault." 12 V.S.A. § 5601(e)(6). We agree with SRS that all of plaintiff's claims arise out of the alleged assaults.

Nevertheless, as plaintiff points out, "[t]he limitations in subsection (e) of this section do not apply to claims against the state of Vermont to the extent that there exists coverage under a policy of liability insurance purchased by the commissioner of general services." 12 V.S.A. § 5601(f). Plaintiff maintains that SRS has an insurance policy covering the claims

---

[7] Prior to 1989, when plaintiff's claims arose, exceptions to the general waiver in § 5601 were enumerated in § 5602. SRS argued in its brief that plaintiff's allegations fall clearly within the exceptions in § 5602. In response, plaintiff argued that the state had waived its immunity under 29 V.S.A. § 1403 to the extent that it purchased liability insurance. These statutes were all amended in 1989, see 1989, No. 114, § 1, and we apply the amended provisions to this case. See *Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 490–91, 622 A.2d 495, 500 (1993) (applying new provisions although case arose prior to 1989 amendments).

herein and has, therefore, waived immunity. We agree that, to the extent that SRS has liability insurance coverage, it has waived the defense of sovereign immunity.

*Affirmed with regard to defendant Young. Reversed and remanded with regard to defendants Belove and the Department of Social and Rehabilitation Services.*