**Rachel POWERS, Administratix of Estate of Charles Powers v. Katherine A. HAYES, Esq. and Barr, Sternberg and Moss, P.C.**

[751 A.2d 781]

No. 00-033

April 6, 2000. Appellant was directed by this Court to show cause why the appeal should not be dismissed as un-

timely filed. After considering appellant's response, we rule as follows.

On December 3, 1999, Washington Superior Court issued an entry order granting defendants' motion for summary judgment. On December 23, 1999, plaintiff mailed a notice of appeal to the Washington Superior Court. However, because the court had changed its address, it did not receive the notice until January 11, 2000. In the meantime, on December 27, 1999, defendants had submitted a proposed judgment to the court. When the court had still not issued a judgment by March 6, 2000, plaintiff wrote to the court requesting the issuance of such a judgment. The court finally issued a judgment on March 21, 2000.

A notice of appeal must be filed within 30 days of the entry of the judgment or order appealed from. See V.R.A.P. 4; 12 V.S.A. § 2383. Plaintiff's notice of appeal was filed on January 11, 2000. If the appeal period began on December 3, 1999, when the court issued its entry order granting summary judgment, then the notice was not timely. However, if the appeal period began only when the court issued its judgment order on March 21, 2000, then it was timely. See *LaShay v. Department of Social & Rehabilitation Servs.*, 160 Vt. 60, 63, 625 A.2d 224, 226 (1993) (when notice of appeal is filed prior to entry of final judgment but after decision announced, notice is treated as filed on day that final judgment is entered).

The appeal period runs from the date of "entry of judgment." See *Baker v. Town of Goshen*, 169 Vt. 145, 148, 730 A.2d 592, 594 (1999). The process of creation and entry of judgment is governed by V.R.C.P. 58:

> [U]pon a decision by the court granting or denying relief, the clerk, unless the Presiding Judge otherwise orders, shall forthwith prepare the judgment without awaiting any direction by the court. The Presiding Judge shall promptly approve and sign the judgment, and the clerk shall thereupon enter it. A judgment is effective only when entered as provided in Rule 79(a).

V.R.C.P. 58. Civil Rule 79(a) requires the clerk to keep a civil docket and to enter in it judgments, showing the date of entry and its "nature and subject matter." The clerk is also required to record final judgments, and certain other orders, in a book for that purpose as soon as possible after the rendition of the judgment or order. See *id.* at (b). The rule specifically requires action after the court renders a decision in order to reduce that decision to a judgment. See *Baker*, 169 Vt. at 150, 730 A.2d at 595. Without such an order, the docket entry of the court's decision does not constitute entry of judgment and does not commence the running of the appeal period. See *id.* at 150, 730 A.2d at 596.

A summary judgment order is not an "entry of judgment." See *Peters v. Mindell*, 159 Vt. 424, 426, 620 A.2d 1268, 1269 (1992) (summary judgment order not appealable until entry of final judgment); *LaShay*, 160 Vt. at 63, 625 A.2d at 226 (time for appeal did not begin to run at time decision announced in court's summary judgment order, but at time court entered final judgment); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 n.4 (9th Cir. 1991) (appeal time did not start to run when summary judgment was issued; it started to run only when court ordered judgment to be entered on summary judgment order). Thus, the appeal period did not begin until the court entered judgment on March 21, 2000, and plaintiff's notice was timely.