Kontos v. State, No. 122-3-00 Wncv  (Teachout, J., Dec. 6, 2002)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**WASHINGTON COUNTY, SS.**

THOMAS KONTOS and KATHLEEN     )
KONTOS, ADMINISTRATORS OF THE     )
ESTATE OF THE LATE JANE KONTOS     )
OF BAKERSFIELD, and Individually,     )
                                    )

     Plaintiffs,                       )
                                    )     **Washington Superior Court**
     v.                            )     **Docket No. 122-3-00 Wncv**
                                    )
STATE OF VERMONT, et al.,          )
                                    )
     Defendants.                    )

**Memorandum of Decision**
**Plaintiffs' Motion to Amend Complaint**
**Defendants' Motion for Summary Judgment**

Defendants seek summary judgment on all claims remaining after the court's September 7, 2000 Entry.  Plaintiffs seek to amend the complaint to add a claim not in the complaint. Plaintiffs are represented by Eric G. Parker, Esq.  Defendants are represented by Joseph L. Winn, Esq.  For the reasons stated below, Plaintiffs' motion to amend is granted.  Defendants' motion for summary judgment is granted in part and denied in part.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.  See V.R.C.P. 56(c)(3).  In determining whether a genuine issue of fact exists, the nonmoving party receives the benefit of all reasonable doubts and inferences; however, allegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact.  See Samplid Enterprises, Inc. v. First Vermont Bank, 165 Vt. 22, 25 (1996).  "A summary judgment motion is intended to 'smoke out' the facts so that the judge can decide if anything remains to be tried."  Donnelly v. Guion, 467 F.2d 290, 293 (2d Cir. 1972) (citations

omitted). In this case, because Plaintiffs never filed a statement of disputed facts as required by Rule 56(c)(2), the court relies on the facts asserted in Defendants' statement of undisputed facts. Those facts are as follows.

At 3:30 p.m. on August 6, 1999, Jane Kontos spoke with her mother on the telephone. A phone call was placed from the Kontos home to 911 at 3:37 p.m. on the same day. The call was recorded as "unresponsive." The call taker immediately called back the Kontos residence and received no answer. The call taker then transferred the call to a State Police Dispatcher.

State Police Dispatcher Jeffrey Basch received the pertinent information about the unresponsive call at 3:38 p.m. He attempted to call the Kontos residence at 3:43 p.m. and received a busy signal. Between then and 4:05 p.m., he called the Kontos residence four more times but received no answer. Contrary to policy, Basch did not then dispatch a trooper to the Kontos residence.

Sometime after 5:00 p.m., Kathleen Kontos arrived home and found Jane lying on the bedroom floor in an unresponsive state. Kathleen called 911 at 5:14 p.m. At 5:20 p.m., Thomas Kontos arrived at home and began CPR on Jane. An emergency response team next arrived and unsuccessfully attempted to revive Jane.

At 6:17 p.m., State Police officers, after first being dispatched to the wrong town, arrived at the Kontos residence. Detective Charbonneau concluded that no grounds to suspect foul play existed, and released the body to the Chief Medical Examiner. Chief Medical Examiner Dr. Morrow conducted an external examination of Jane Kontos' body, spoke with troopers, and was given a verbal synopsis of Jane's prior medical conditions. Dr. Morrow concluded that Jane died from a pulmonary embolism which was sudden and brought about her death almost immediately. Dr. Morrow recorded the time of death at 5:45 p.m., the time the emergency response team ceased efforts at reviving Jane.

At 9:15 p.m., Detective Charbonneau, while at the Kontos residence, was informed of the 911 call that had been made from the Kontos residence at 3:45 p.m. but not responded to. At 10:05 p.m., Trooper Sleeper informed Thomas and Kathleen Kontos of the initial 911 call not responded to.

The complaint asserts four causes of action; three remain. Counts I and II allege claims of negligence and gross negligence as the basis for wrongful death and survival actions. Count III alleges intentional infliction of emotional distress. Count IV, alleging medical malpractice, was disposed of by the court's September 7, 2000 Entry. All Defendants moved for summary judgment on all three remaining claims. A hearing on the motion was held, after which the parties were allowed additional time for filing supplemental memoranda.

After the hearing, Plaintiffs submitted a Rule 15 motion to amend the complaint to add an additional claim of Thomas and Kathleen Kontos against the State Police. The additional paragraph alleges substantially that the State Police failed to respond adequately to requests by Thomas and Kathleen Kontos for documentation and for a subpoena to the telephone company

seeking certain telephone records. The paragraph alleges that these failures caused the loss and spoliation of evidence that might have helped determine whether Jane was alive in the late afternoon of August 6, 1999.

Amendments to pleadings are freely allowed where there is no prejudice, and when the proposed amendment is not obviously frivolous or made as a dilatory tactic in bad faith. Bevins v. King, 143 Vt. 252, 254-55 (1983). Plaintiffs' amendment does not evince an intent to delay and is not obviously frivolous. No prejudice to Defendants is evident. It appears from the record that the facts concerning the efforts of Plaintiffs to obtain information through the police have been known to all parties for some time. The purpose of the amendment is to clarify that Thomas and Kathleen Kontos assert a claim on their own behalf against for the police for intentional infliction of emotional distress, a point which had been clarified orally at the hearing held on October 7, 2002. Plaintiffs' motion to amend is granted.

With respect to the State Defendants' motion for summary judgment, the State Defendants' threshold argument is that sovereign immunity bars any claims based on the facts alleged. "Sovereign immunity protects the state from suit unless immunity is expressly waived by statute." McMurphy v. State, 171 Vt. 9, 11 (2000) (quoting LaShay v. Department of Social & Rehabilitation Servs., 160 Vt. 60, 67 (1993)). Vermont waives immunity for lawsuits against the State or state entities under 12 V.S.A. § 5601, the Tort Claims Act, to the extent a private analog exists, subject to exceptions. A plaintiff has the burden of alleging facts that support the conclusion that sovereign immunity is waived. See Mellin v. Flood Brook Union Sch. Dist., 12 Vt. L. W. 369, 374 (2001) ("To sustain a tort claim against the State, plaintiff must demonstrate that her claim is 'comparable to a recognized cause of action against a private person.' . . . Plaintiff also must establish that no exception to the State's waiver of its immunity applies to her claim.").

Defendants argue that all State Defendants are insulated from all claims because no private analogs exist. Plaintiffs respond by claiming that the State has not proven factual elements supporting immunity. However, sovereign immunity is not an affirmative defense but a bar to suits against the State and state entities. It is the Plaintiffs who must show that their claims qualify under the Tort Claims Act for the waiver of immunity. Denis Bail Bonds, Inc. v. State, 159 Vt. 481 (1993). Plaintiffs in this case have not demonstrated that any of their claims against state entities, including the new one added by amendment, are comparable to recognized causes of action against a private person, and that no exception to the State's waiver of its immunity applies to their claims. The conduct alleged on the part of all State Defendants involves uniquely governmental functions to which sovereign immunity is not waived: the operation of the 911 system under Title 30, Chapter 87 (Enhanced 911 Emergency Response System); state police emergency and investigative services, Title 20, Part 5 (Department of Public Safety); and the work of the medical examiner in responding to deaths under certain circumstances, Title 18, Chapter 9 (Laboratory Services; Chief Medical Examiner; Autopsies). Plaintiffs do not allege that any State Defendants acted in any capacity other than according to statutory, governmental responsibilities.

There may be sound policy arguments for subjecting State Defendants to liability for certain acts of negligent conduct, such as the conduct in this case. See generally Jeffrey D. Hickman, It's Time to Call 911 for Governmental Immunity, 43 Case W. Res. L. Rev. 1067 (1993) (arguing against governmental immunity for negligent operation of 911 systems). Nonetheless, the exceptions to sovereign immunity are statutory, and the Vermont Legislature has not seen fit to waive immunity for the conduct alleged in this case. Since Plaintiffs have not shown that their case qualifies for an exception to sovereign immunity, summary judgment is granted to all State Defendants on this ground. This ruling applies to the additional claim added by the granting of the motion to amend, as the analysis is the same.

The only remaining defendant is the individual Defendant Dispatcher Basch. The underlying claims against Basch are negligence and gross negligence for his failure to dispatch a trooper to the Kontos residence. Defendants argue that Basch is immune from the negligence claim under 30 V.S.A. § 7060. Under § 7060, Basch is immune from suit based on the transmission of 911 information "unless such action constitutes gross negligence . . . ." Thus, § 7060 precludes the claim of negligence against Basch on the basis of statutory immunity.

The gross negligence claim, however, is viable. Gross negligence requires "more than a mere error of judgment, momentary inattention, or loss of presence of mind." Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 113 (1997) (citing Hardingham v. United Counseling Serv. of Bennington County, Inc., 164 Vt. 478, 481 (1995)). It can consist of indifference to the duty owed to another. Id. Because the line between ordinary and gross negligence is gray, whether certain conduct rises to the level of gross negligence usually is left for the jury. See Braun, 167 Vt. at 114. Here, Defendants argue that Basch's conduct does not rise to the level of gross negligence. The undisputed facts are that Dispatcher Basch knew that an "unresponsive" call was received by 911 at 3:37 p.m.; that a call at 3:43 p.m. produced a busy signal; and that four more calls made up to 4:05 p.m. received no answer. His responsibility was to dispatch a trooper to the residence and he did not do so. Given the reasonable inference that the caller could be in immediate need of emergency services but unable to take action herself and therefore subject to risk of severe injury or death without assistance, a jury could reasonably conclude that the level of negligence was gross. Therefore, Defendant's motion fails with respect to the claim for gross negligence against Dispatcher Basch.

Defendants also argue that Plaintiffs cannot prove a causal chain connecting the failure to dispatch with the death of Jane Kontos. This issue strikes at the heart of the dispute in this case: whether Jane Kontos might have survived if the first 911 call resulted in a timely dispatch. Defendants claim that the only admissible evidence reflecting on this matter shows that Jane Kontos died instantly of a pulmonary embolism. Defendants' argument is based substantially on the claim that Plaintiffs cannot prove by expert medical testimony a specific cause of death opposing Dr. Morrow's pulmonary embolism conclusion, or that a specific alternate cause of death could have been prevented by a timely dispatch. Plaintiffs have made an offer of evidence from an expert pathologist, Dr. James Weiner, whose deposition testimony supports a finding that there are possible causes of death, consistent with the limited medical information available about Jane Kontos, which would not have necessarily entailed an instant death. Thus, Plaintiffs

offer an evidentiary basis on which the jury could conclude that Jane Kontos did not die instantly from a pulmonary embolism but died from another cause, a cause in which the failure of a timely dispatch made a difference. The issue of whether the failure to dispatch caused her death is therefore reserved for the jury.

## Order

For the foregoing reasons, Plaintiffs' motion to amend the complaint is GRANTED. Defendants' motion for summary judgment is GRANTED on all claims other than gross negligence as alleged against Defendant Basch.

Dated at Montpelier this __ day of December, 2002.


_____
Mary Miles Teachout
Superior Court Judge